**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

2019 SEP 30  A 11: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA

| | |
|---|---|
| **WILLIE MOODY, JR.,**<br>**individually,** )<br> )<br> ) | |
| **Plaintiff,** )<br> ) | |
| **v.** ) | **Case No.** 2:19-cv-737 |
| )<br>**CARRIE LEE BAGGETT,** )<br>**individually,** )<br> ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff WILLIE MOODY, JR. (hereinafter "MOODY" or "Plaintiff")
hereby sues Defendant CARRIE LEE BAGGETT, individual, (hereinafter
"Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs
pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-
12205a (hereinafter "ADA"), and its implementing regulations and alleges as
follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory and injunctive relief pursuant to Title
III of the ADA. This Court is vested with original jurisdiction under 28 U.S.C. §
1331 and 28 U.S.C. § 1343.

2.     Venue is properly located in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

3.     Plaintiff, WILLIE MOODY, JR. is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA.   Plaintiff utilizes a wheelchair for mobility and has limited dexterity in his extremities due to permanent spinal damage sustained when he was wounded while serving his country in the United States Army. Plaintiff's condition is one that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and having complete use of his extremities and as such is a qualified disability under the ADA.

4.     Defendant, CARRIE LEE BAGGETT (hereinafter referred to as "Defendant"), is a resident individual conducting business in the State of Alabama. CARRIE LEE BAGGETT, is the owner, lessor, and/or operator of the real property and improvements that are the subject of this action, specifically: The Shack located at 3200 Atlanta Hwy., Montgomery, Alabama (hereinafter referred to as "premises",

"subject premises", "subject facility", "subject property", "subject location", "Defendant's premises" and/or "Defendant's property").

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

5.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. For enforcement purposes, the effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(A).

6.      To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendant.

7.      Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendant due to the low costs of removing its existing architectural barriers and the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

8.      Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. §36.104, the subject facility owned by CARRIE LEE BAGGETT is a place of public accommodation in that it owns the real property and fixtures of a restaurant that provides food and

beverages and related services to the public. Pursuant to 42 U.S.C. § 12182(a), the Defendant is liable for any ADA violations on the subject premises because it owns and controls the subject premises and while regulations promulgated by the Department of Justice state that a landlord may contractually allocate to a tenant the responsibility to comply with the ADA, however if such allocation is made it is effective only as between the landlord and tenant and has no effect on the rights of third parties such as the Plaintiff in this case. As the owner of the real property and fixtures of the subject premises the Defendant is independently liable for the barriers to equal access as alleged herein. 28 C.F.R. § 36.201(b).

9.      Prior to instituting this action, and on numerous occasions per month over the last year and before, Moody visited and *attempted to* patronize Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property and the benefits of services, programs, and/or activities of the subject premises and its facilities, and has otherwise been discriminated against, has suffered an injury in fact, and been damaged by Defendant due to its lack of compliance with the ADA. Plaintiff has personal knowledge that the subject location is presently in violation of the ADA and is discriminating against individuals with disabilities.

10.     Due to the violations of the ADA at Defendant's premises Plaintiff does not have safe and equal access to the goods and services available to Defendant's

able-bodied patrons at this location. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the subject premises.

11.    Plaintiff has a bona fide desire and intent to patronize i.e., avail himself of the goods and services of, Defendant's subject premises once the barriers to equal access that amount to violations of the ADA are removed; however, Plaintiff is deterred from doing so as a result of the barriers to access which currently persist at said premises. The existence of these barriers creates a 100 percent likelihood that Plaintiff will suffer the same injury as alleged each time he returns in the future.

12.    Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation, such as Defendant, are in compliance with the ADA so that individuals with disabilities, including himself, and those using wheelchairs similarly situated, will have full and equal enjoyment of the property without fear of discrimination and the accompanying humiliation associated with discrimination.

13.    Plaintiff resides less than ten (10) miles from where the subject facility is located and has a real, continuing, and immediate threat of future discrimination as a result of Defendant's violation of, and non-compliance with, the ADA because he intends to continue to visit, i.e. *attempt to* patronize, the subject location each time he travels by the subject facility which occurs numerous times each month.

Accordingly, Plaintiff intends to *attempt to* patronize, i.e., visit, Defendant's subject location numerous times next month, and on a regular basis each month following. Plaintiff will do this until the barriers are remediated and he is able to patronize the subject location with access equal to that of Defendant's able-bodied customers.

14.     Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the subject facility in derogation of 42 U.S.C. § 12101 *et seq.*

15.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

16.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered and/or observed:

PARKING

a.     The plaintiff could not safely utilize the parking facility as there are no designated accessible parking spaces present in violation of Section 4.6 of the ADAAG and Sections 208 and 502 of the 2010 ADA Standards, whose resolution is readily achievable.

EXTERIOR ACCESSIBLE ROUTES

b.     The plaintiff could not independently traverse the parking facility or the path of travel from the parking facility to the

public entry door because the ground surface consisted of unmaintained broken pavement with abrupt changes in level between ¼ inch high minimum and ½ inch high maximum which are not properly beveled and have a vertical rise steeper than 1:2 in violation of Section 4.5 of the ADAAG and Section 303.3 of the 2010 ADA Standards and said accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211, whose resolution is readily achievable.

## ACCESSIBLE ENTRANCE

c.      The plaintiff could not independently enter the facility because there was insufficient maneuvering clearance for a front approach to the pull side of the door. Violation: The entry door lacks the minimum 18 inches of clearance parallel to the doorway beyond the latch side of the doorway which extends the minimum required 60 inches out from the doorway in violation of Section 4.13.6 of and Figure 25 of the ADAAG and Sections 404.2.4, 404.2.4.1, Table 404.2.4.1, and Figure 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## RESTROOMS

d.      The plaintiff could not independently access the restrooms because the restrooms' entrance doors had hardware that required tight grasping, pinching, or twisting of the wrist. Violation: ADA compliant door hardware is not provided on the restroom doors in violation of Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

e.      The plaintiff could not enter or exit the restrooms because the entry doors were too narrow. Violation: The restroom doors do not meet the minimum clear width requirements in violation of Sections 4.13 of the ADAAG and Section 404 of the 2010 ADA Standards, whose resolution is readily achievable.

f.   The plaintiff could not access the toilets in the restrooms because the required maneuvering clearances were not provided. Violation: The restrooms provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

g.   The plaintiff could not safely use the toilet in the restrooms because the required grab bars were not provided. Violation: ADA compliant grab bars are not provided in the restrooms in violation of Sections 4.16.4, 4.26 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

h.   The plaintiff could not access the toilet paper because the toilet paper dispensers were mounted too far from the restrooms' toilets. Violation: The toilet paper dispensers are mounted at a noncompliant distance from the toilet in violation of Section 4.16.6 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

i.   The plaintiff could not access the paper towel dispenser because it was mounted too high to reach. Violation: The paper towel dispensers in the public restrooms are mounted at a noncompliant height in violation of the minimum reach range set forth in Section 4.2.6 and Figure 6 (for side reach) of the ADAAG and Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

j.   The plaintiff could not access the restroom sinks as the required knee and toe clearance was not provided. Violation: The restrooms' sinks provided do not meet the requirements of Section 4.24 of the ADAAG and Section 306.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

MAINTENANCE

k.     The accessible features of the facility are not maintained,
       creating barriers to access for the Plaintiff, as set forth
       herein, in violation of 28 CFR §36.211.

17.    The foregoing violations are violations of the 1991 Americans with

Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for

Accessible Design, as adopted by the U.S. Department of Justice.

18.    The Plaintiff states that as soon as he encountered and/or observed the

architectural barriers at the subject location he had actual notice that the Defendant

does not intend to comply with the ADA.

19.    The discriminatory violations described in paragraph 16 are not an

exhaustive list of the Defendant's current barriers to equal access and violations of

the ADA because Plaintiff was unable to access and assess all areas of the subject

premises due to the architectural barriers encountered. A complete list of the subject

location's ADA violations affecting the Plaintiff as a wheelchair user, and the

remedial measures necessary to remove same, will require an on-site inspection by

Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the

Plaintiff personally encounters discrimination, as alleged above, or learns of

discriminatory violations through expert findings of personal observation, he has

actual notice that the defendant does not intend to comply with the ADA.

20.    Plaintiff knows it will be a futile gesture to attempt to patronize the

facility unless he is willing to endure further discrimination, therefore, Plaintiff is deprived of the meaningful choice of freely patronizing the subject premises when in contrast the subject premises is readily available to able bodied patrons and the general public without disabilities.

21.    To date, the Defendant's barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Plaintiff has reasonable grounds to believe that he will be subjected to discrimination in violation of the ADA by Defendant if these violations are not corrected and made compliant.

22.    By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

23.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily

accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

24.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

25.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to

maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.   That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.   That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.   That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.   That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.   An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.   An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other

expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.


Dated this the _28_ day of _September_, 2019.



Respectfully submitted,

By: _Bridget M Ballentine_
Bridget M. Ballentine
Counsel for Plaintiff
AL State Bar No.: ASB-3487-G61W

**Of Counsel:**
Bridget M. Ballentine
2029 Holtville Road
Wetumpka, AL 36092
Telephone: (334) 247-3662
Email: Bridget@ballentinelaw.com


**DEFENDANT TO BE SERVED:**

CARRIE LEE BAGGETT
3200 Atlanta Highway
Montgomery, AL 36109